UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

COLUMBIA CASUALTY COMPANY,              :

                    Plaintiff,          :    14 Civ. 48 (AJN)(HBP)

    -against-                           :
                                             ORDER
NEIGHBORHOOD RISK MANAGEMENT            :
CORPORATION,
                                        :

                    Defendant.          :
----------------------------------X


          PITMAN, United States Magistrate Judge:


          By letter dated August 27, 2015, plaintiff seeks to

preclude defendant from offering certain damages evidence in

connection with its counterclaim.[1]  Specifically, plaintiff seeks

to preclude defendant from relying on or offering evidence in

support of the following damages theory:

          Unable to draw upon the unexhausted portion of its
          [self-insured retention], NRMC has been losing members
          -- generally those with the stronger loss control
          programs and fewer losses.  This has impacted the NRMC
          program on several levels.  Administrative costs get
          spread over fewer member[s].  More importantly, the
          exit of stronger performing members has:  (i) driven up

_____

          [1]The allegations giving rise to this action are set forth in
Judge Nathan's opinion denying defendant's motion to dismiss the
amended complaint.  Columbia Cas. Co. v. Neighborhood Risk Mgmt.
Corp., 14 Civ. 48 (AJN)(HBP), 2015 WL 3999192 (S.D.N.Y. June 29,
2015).  The reader's familiarity with that opinion and with my
Order in this matter dated December 4, 2015 (Docket Item 146) is
assumed.

the financial burden on the remaining members to fund
each year's [self-insured retention]; and (ii) driven
up per unit losses and, accordingly, premiums -- a
phenomenon that tends to prompt more exits as time goes
by and a deepening "spiral."  Presently, these damages
are fairly estimated at $1,000,000 -- but they threaten
to escalate exponentially.

(NRMC's Supplemental Answer to Columbia Casualty Company's
Interrogatory 2, dated Aug. 16, 2015, at 2, annexed as Exhibit A
to Plaintiff's Letter to the Undersigned, dated Aug. 27, 2915
(Docket Item 117)).  Plaintiff seeks preclusion on the ground
that the damages theory set forth above (the "Existential Damages
Theory") was not disclosed until approximately eight months after
the December 2014 discovery deadline, and plaintiff has not,
therefore, had the opportunity to conduct discovery concerning
this theory.

After reviewing letter briefs submitted by the parties
and hearing oral argument, I issued an Order on December 4, 2015
in which I concluded that defendant had not meaningfully dis-
closed its Existential Damages Theory in a timely manner.
Nevertheless, because the parties' submissions did not address
the factors relevant to ruling on a motion seeking preclusion
based on a failure to disclose, I directed the parties to make
further submissions addressing those factors.  After considering
the parties' supplemental submissions, I conclude that defendant

should be precluded from relying on its Existential Damages
Theory.

Federal Rule of Civil Procedure ("Rule") 26 requires
the exchange of initial disclosures.  Rule 26(a)(1)(A)(iii)
provides, in relevant part, that:

> a party must, without awaiting a discovery request,
> provide to the other parties . . . a computation of
> each category of damages claimed by the disclosing
> party -- who must also make available for inspection
> and copying as under Rule 34 the documents or other
> evidentiary material, unless privileged or protected
> from disclosure, on which each computation is based,
> including materials bearing on the nature and extent of
> injuries suffered.

"A party must make its initial disclosures based on the informa-
tion then reasonably available to it [and] is not excused from
making its disclosures because it has not fully investigated the
case."  Fed.R.Civ.P. 26(a)(1)(E).  Further, the disclosing party
must timely supplement or correct its initial disclosures if it
subsequently learns that the information provided was either
"incomplete or incorrect."  Fed.R.Civ.P. 26(e)(1)(A).  "The
purpose of the rule is to prevent the practice of 'sandbagging'
an opposing party with new evidence."  Ebewo v. Martinez, 309 F.
Supp. 2d 600, 607 (S.D.N.Y. 2004) (Koeltl, D.J.) (citations
omitted); accord Agence France Presse v. Morel, 293 F.R.D. 682,
683 (S.D.N.Y. 2013) (Nathan, D.J.).

A party that fails either to obey a court order concerning discovery or to comply with its Rule 26(a) disclosure obligations may be sanctioned under Rule 37. A court may sanction a party for failing to provide or supplement information or to identify a witness as Rules 26(a) and 26(e) require by prohibiting the offending party from "us[ing] that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The party against whom sanctions are sought bears the burden of establishing that its noncompliance was either substantially justified or harmless. Williams v. Boulevard Lines, Inc., 10 Civ. 2924 (DF), 2013 WL 5652589 at *3 (S.D.N.Y. Sept. 30, 2013) (Freeman, M.J.); Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 635 (S.D.N.Y. 2005) (Marrero, D.J.), aff'd, 469 F.3d 284 (2d Cir. 2006). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006).

The Court of Appeals for the Second Circuit has identified four factors to be considered in determining whether preclusion is an appropriate sanction for a party's failure to comply with its disclosure obligations:

4

> (1) the party's explanation for the failure to comply
> with the [disclosure obligation]; (2) the importance of
> the . . . precluded [evidence]; (3) the prejudice
> suffered by the opposing party as a result of having to
> prepare to meet the new testimony; and (4) the possi-
> bility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006), citing

Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d

955, 961 (2d Cir. 1997).  A showing of bad faith is not necessary

to justify preclusion.  Design Strategy, Inc. v. Davis, supra,

469 F.3d at 296.   Because "preclusion of evidence is a 'harsh

remedy,'" it "should be imposed only in rare situations."

Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry

First LLC, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (Marrero, D.J.)

(adopting Report and Recommendation); accord Granite State Ins.

Co. v. Clearwater Ins. Co., 09 Civ. 10607 (RKE), 2014 WL 1285507

at *11 (S.D.N.Y. Mar. 31, 2014) (Eaton, D.J.), aff'd, 599 F.

App'x 16 (2d Cir. 2015).

       Application of these four factors demonstrates that

preclusion is appropriate.

       Defendant's Explanation for Its Delayed Disclosure -

Defendant does not offer a substantial explanation for its

delayed disclosure of its Existential Damages Theory.   The

closest defendant comes is its contention that its damages "were,

and continue to be, evolving" (Letter from William F. Costigan,

5

Esq. to the undersigned, dated Dec. 18, 2015 (Docket Item 147)
("Costigan Ltr.") at 3).  Defendant does not, however, claim that
it was unaware of the allegedly "deepening 'spiral'" that threat-
ens its existence until August, 2015, when it first disclosed its
Existential Damages Theory.  To the contrary, comments made by
defendant's counsel at oral argument on November 2, 2015 suggest
that defendant's inability to access its self insured retention
surplus had an impact on the number of members who renewed in
April, 2014 and April, 2015 (Transcript of Proceedings held on
Nov. 2, 2015 (Docket Item 148) at 33).  Defendant does not
explain why disclosure was not made until August 2015 -- approxi-
mately 16 months after the April 2014 decline in renewals.

       To the extent defendant suggests that plaintiff could
have learned of the Existential Damages Theory if plaintiff had
asked more searching deposition questions, defendant is improp-
erly attempting to shift the burden imposed by Rule
26(a)(1)(A)(iii).  The party seeking damages has an affirmative
obligation under that Rule to disclose "a calculation of each
category of damages claimed."  Even if I assume that plaintiff
was not as thorough as it might have been in discovery, an
adversary's lack of thoroughness in discovery does not alter the
obligation imposed by Rule 26(a)(1)(A)(iii).  See Design Strat-
egy, Inc. v. Davis, supra, 469 F.3d at 293-94.

Thus, the lack of compelling explanation weighs in favor of preclusion.

The Importance of the Evidence - This is a breach of contract action and the evidence at issue relates to one category of damages; its admission or exclusion may alter the amount of damages, but it will not affect liability.  Even if evidence regarding the Existential Damages Theory is excluded, defendant's remaining damages total approximately $700,000.  Although defendant claims that its Existential Damages are greater than its direct damages, it offers no explanation for this statement nor does it even attempt to quantify its Existential Damages.  Thus, defendant has not demonstrated the potential impact of its Existential Damages Theory on any award of damages.

Thus, this factor also weighs in favor of preclusion.

Prejudice to Plaintiff & the Possibility of Continuance - I address these two factors together because they are logically connected; the former can frequently be ameliorated by the latter.

Permitting defendant to assert the Existential Damages Theory would prejudice plaintiff and the length of the continuance that would be necessary to mitigate that prejudice would be unreasonable.  To prove its Existential Damages, the parties would be required to depose at least some of the former members

that have chosen to leave defendant and ascertain why they left;
the mere fact that certain members chose to leave defendant would
not inform a fact finder of the reason(s) for their departure.
Defendant itself states that the "damages stemming from the loss
of membership cannot be fully appraised until on or about April
1, 2016 . . ." (Costigan Ltr. at 4).
Thus, the depositions could not even start for another 90 days.
Although defendant suggests that this discovery could be com-
pleted in 30 days, I believe that estimate is overly optimistic
and that 60 or 90 days is more likely, meaning that discovery
would not be complete until the end of May or June of this year.

        This delay also weighs in favor of preclusion.

        Because I conclude that all the relevant factors
warrant the result, defendant is precluded from relying upon or
offering evidence in support of its contention that its inability
to access its self insured retention surplus has lead to a loss

of members that is so severe that defendant's existence is

threatened.

Dated:   New York, New York
         January 14, 2016

                                      SO ORDERED

                                      _____
                                      HENRY PITMAN
                                      United States Magistrate Judge

Copies transmitted to:

All Counsel

9